LATHAM & WATKINS LLP
David J. McLean (Bar No. 106526)
   *David.McLean@lw.com*
Jason B. Lattimore (Pro Hac Vice)
   *Jason.Lattimore@lw.com*
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
Telephone: (973) 639-1234
Facsimile: (973) 639-7298

LATHAM & WATKINS LLP
Bruce D. Kuyper (Bar No. 144969)
   *Bruce.Kuyper@lw.com*
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Plaintiff
SLEEP INNOVATIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLEEP INNOVATIONS, INC., a New Jersey corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SINOMAX USA, INC., a Delaware corporation; SINOMAX ENTERPRISES (USA) LLC, a Louisiana liability company; SINOMAX ENTERPRISES LIMITED, a Hong Kong corporation; SINOMAX ENTERPRISES LIMITED, an Arkansas corporation; SINOMAX (HOLDING) GROUP LIMITED, a Hong Kong corporation; SINOMAX MACAO COMMERCIAL OFFSHORE Limited, a Hong Kong corporation; and HARJIT SINGH, an individual,<br><br>    Defendants. | CASE NO. CV06-5712 AHM (AJWx)<br><br>**ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>Hearing Date: December 10, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. Andrew J. Wistrich<br>Courtroom: 690<br><br>Discovery Cutoff: March 24, 2008<br>Pretrial Conference: July 14, 2008<br>Trial Date: July 29, 2008 |

1

After full consideration of Plaintiff Sleep Innovations, Inc. ("SI")'s duly noticed Motion for the Entry of an Order Governing Confidential Information (the "Motion"), the papers submitted in connection therewith, and having considered the pleadings, records and files in this action, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

This Order and the protocols and procedures set forth herein shall govern the handling of documents and any deposition testimony, deposition exhibits, interrogatory responses, admissions, pleadings, briefs, motions, papers filed with the Court, and any other information produced or given by any party or non-party to any party in connection with the prosecution and defense of this litigation (the "Litigation" or "Action").

**Definitions**

1. "Party" or "Parties" shall mean all present and future parties to this action, including without limitation, SI, the Sinomax Entities, and Singh.

2. "Producing Party" shall mean any Party or non-party producing documents or other information in the Action.

3. "Receiving Party" shall mean any Party or non-party receiving Confidential or Highly Confidential documents or information.

4. "Documents" shall mean anything that may be considered to be a document or tangible thing under the Federal Rules of Civil Procedure including, but not limited to: interrogatory answers served by any Party; responses to requests to admit served by any Party; documents produced by any Producing Party, whether pursuant to formal discovery or by informal agreement; transcripts of and exhibits to depositions taken in the Action; and any portions of any documents filed in the Action that quote from or summarize any of the foregoing documents.

**Designation of Documents**

5. A Producing Party may, at its option, designate as "HIGHLY CONFIDENTIAL" any information which is of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of a Producing Party or non-party holding

1 proprietary rights thereto, or might reasonably pose a commercial disadvantage to the Producing
2 Party, and must be protected from disclosure. Recognizing that the parties to this Litigation are
3 current or former direct competitors, Highly Confidential Information shall include "trade
4 secrets" (as defined by Cal. Civil Code § 3426) or other sensitive research, development or
5 commercial information; commercially sensitive or proprietary commercial, financial, pricing,
6 budgeting, trading and/or accounting information; commercially sensitive or proprietary
7 information about past, present or potential customers; non-public information regarding the
8 technologies employed in the parties' respective businesses (excluding information regarding the
9 analytical testing of an opposing party's products); marketing studies or projections; non-public
10 business strategies, decisions and/or negotiations; competitive analyses; commercially sensitive
11 non-public information about affiliates, parents, subsidiaries, or third-parties with whom the
12 Producing Party has or had a business relationship; or other commercially sensitive or
13 proprietary information. (Documents that are designated as "HIGHLY CONFIDENTIAL" are
14 hereinafter referred to as "Highly Confidential Information").

15   6.   A Producing Party may, at its option, designate as "Confidential" such
16 information as the Producing Party in good faith deems confidential, including non-public
17 communications with any regulators; personnel compensation, employment agreements,
18 evaluations and other employment information or personal information; agreements with third
19 parties of a sensitive nature that do not constitute Highly Confidential Information; and financial
20 information that is not commercially sensitive. (Documents that are designated as
21 "CONFIDENTIAL" are hereinafter referred to as "Confidential Information.")

22   7.   Confidential Information and Highly Confidential Information shall not include
23 unaltered copies of any documents in the public domain (as long as they did not become public
24 in violation of this Protective Order).

25   8.   A party responding to a discovery request that seeks confidential or proprietary
26 information (the "responding party") may, at the time of disclosure, identify or otherwise
27 designate such information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."
28 Such designations shall be made in the following manner: (1) for documents, at the time of

1  production, by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on
2  each page of such documents; (2) for tangible things, at the time of production, by placing the
3  notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the object or container
4  thereof; (3) for declarations, written discovery responses, court filings or pleadings, at the time
5  of service/filing, by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
6  on the face of the first page of such documents and on any particular designated pages of such
7  documents; and (4) for testimony, (i) by orally designating such testimony as being
8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the testimony or as
9  otherwise provided for herein, and (ii) by requesting that the reporter place the notation
10 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the transcript so
11 designated, which transcript shall be separately bound and conspicuously marked on its cover.
12         9.     If a Producing Party inadvertently produces documents or other materials that it
13 considers to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" without such designation,
14 or otherwise wishes to change the designation to "CONFIDENTIAL" or "HIGHLY
15 CONFIDENTIAL," the Producing Party may subsequently designate such documents or other
16 materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by delivering written notice
17 of such designation to the other Parties and such information shall be treated by the Receiving
18 Party as being so designated from the time the Receiving Party is notified in writing of the
19 change in designation.  It shall not be deemed a violation of this Order to have disclosed
20 information not designated Confidential Information or Highly Confidential Information that is
21 subsequently so designated if disclosure was made prior to such designation.  Any failure of the
22 Parties to designate Confidential Information as "CONFIDENTIAL," or Highly Confidential
23 Information as "HIGHLY CONFIDENTIAL," shall not be deemed a waiver, in whole or in part,
24 of any claim of confidentiality, either as to the specific information disclosed or as to any other
25 information relating thereto or on the same or related subject that the Parties would otherwise be
26 entitled to invoke against a person or entity who/which is not a Party (who has agreed to the
27 undertaking "Agreement to Be Bound by Protective Order" in Exhibit A, hereto).
28         10.    To the extent that matter stored or recorded in the form of electronic or magnetic

1  media (including information, files, databases or programs stored on any digital or analog
2  machine-readable device, computers, discs, networks or tapes) is produced in such form, the
3  Producing Party may designate such material as "CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL" by cover letter referring generally to such matter and by affixing (where
5  possible) a label on the media or its casing indicating such designation.
6      11.    In the event that non-parties produce Documents or information in connection
7  with the Action, the Parties and all other persons subject to this Order agree that production by
8  non-parties of such Documents or information shall be made subject to the provisions of this
9  Order.
10 **Designation of Deposition Transcripts**
11     12.    In the case of depositions, designation of the transcript or portion of the transcript
12 (including exhibits) that contains Confidential Information or Highly Confidential Information
13 shall be made by a statement by counsel to that effect on the record during the course of the
14 deposition or by written notice, sent by counsel to all Parties within 30 calendar days after
15 receiving a copy of the transcript thereof.  All deposition transcripts (and corresponding audio
16 tapes and/or video tapes) shall be treated as Confidential within the meaning of this Order during
17 the pendency of the 30-day period for giving written notice, unless and until such material has
18 been designated as Highly Confidential, in which case such material shall be treated accordingly.
19 If a Confidential designation is made, either on the record at the deposition or by way of written
20 notice as described above, the Court reporter shall be directed to affix the legend "CONTAINS
21 CONFIDENTIAL INFORMATION" on the cover page and the legend "CONFIDENTIAL" on
22 all appropriate pages of the transcript and each copy thereof.  If a Highly Confidential
23 designation is made, either on the record at the deposition or by way of written notice as
24 described above, the Court reporter shall be directed to affix the legend "CONTAINS HIGHLY
25 CONFIDENTIAL INFORMATION" on the cover page and the legend "HIGHLY
26 CONFIDENTIAL" on all appropriate pages of the transcript and each copy thereof, and if
27 necessary to forward a substitute copy of each such page to counsel for the Parties.  All
28 deposition audiotapes and/or video tapes shall be designated and treated in the same manner as

1  the corresponding deposition transcript.  The Parties may modify the above designation
2  procedures for any particular deposition through agreement on the record at such deposition,
3  without further order of the Court.

4  **Use of Confidential Information and Highly Confidential Information**

5  　　　　13.　　No Party, including a Party's agents, consultants, experts, deponents, witnesses
6  and attorneys, receiving Confidential Information or Highly Confidential Information shall make
7  use of any such Confidential Information or Highly Confidential Information for any purpose
8  whatsoever other than the prosecution or defense of the Action.  Confidential Information and
9  Highly Confidential Information shall be held in confidence by each person to whom it is
10 disclosed, and may not be disclosed to any person or entity, except as permitted in this Order.

11 　　　　14.　　Confidential Information shall not be disclosed to anyone other than those
12 persons identified in Paragraph 24, below.  Highly Confidential Information shall not be
13 disclosed to anyone other than those persons identified in Paragraph 25, below.  All persons
14 receiving Confidential Information or Highly Confidential Information shall be bound by the
15 terms of this Order.

16 　　　　15.　　If any person willfully violates any of the terms hereof, the aggrieved Party may
17 seek any appropriate relief in this Court.  The parties and any other person subject to the terms of
18 this Protective Order agree that this Court shall retain jurisdiction over it and them for the
19 purpose of enforcing this Protective Order, which shall survive the termination of the litigation.

20 　　　　If Confidential Information or Highly Confidential Information is disclosed in violation
21 of this Protective Order, the party who caused, permitted or was otherwise responsible for the
22 disclosure shall immediately inform the Producing Party of all pertinent facts relating to the
23 disclosure, and shall make every effort to prevent any further disclosure, including any
24 disclosure by any person who received any Confidential Information or Highly Confidential
25 Information in violation of this Protective Order.

26 　　　　16.　　Confidential Information and Highly Confidential Information may be referred to
27 in interrogatory answers, responses to requests to admit, pleadings, motions, briefs or other
28 documents filed with the Court, and may be marked as deposition exhibits in the Action;

1 provided that any such paper that is filed with the Court is done so in accordance with Paragraph
2 17 below.

3     17.    Nothing in this Order shall be construed as authorizing the filing of materials
4 under seal with the Court in the absence of a separate Court order authorizing the sealing of
5 specific materials. However, if materials containing Confidential Information of the submitting
6 party are filed with the Court, the submitting party may, at its option, file the materials with a
7 motion to seal in accordance with Local Rule 79-5.1. In seeking an order sealing its own
8 Confidential materials, the burden of persuasion shall rest on the moving party. If the materials
9 being submitted contain Confidential Information of another party, the submitting party shall
10 notify the interested party of the filing of such materials at least five (5) business days in advance
11 of such filing, and shall state the planned date of filing. The notice shall explicitly enumerate
12 which information within the document was designated as Confidential Information of the other
13 party. If the other party wishes to maintain the confidentiality of the information, that party must
14 file a motion to seal pursuant to Local Rule 79-5.1, with the burden of persuasion on the party
15 seeking the order. The other party shall advise the submitting party of its intent to file the
16 motion to seal at least one (1) business day before the filing. The submitting party must then file
17 the other party's Confidential Information under the designation "confidential materials" and
18 such information will remain sealed until such time as the motion to seal is decided. Filing the
19 information under seal shall not prejudice the submitting party's ability to oppose the motion to
20 seal, nor otherwise impede the submitting party from contesting the other party's confidentiality
21 designations as provided for in this Protective Order. Nothing in this provision shall prohibit
22 this Court in its sole discretion from entering an order sealing any and all materials, or relevant
23 portions of materials, designated Confidential pursuant to this Protective Order.

24     18.    The parties acknowledge that, pursuant to this Court's standing order, in the event
25 that the case proceeds to trial, all of the information that was designated as "CONFIDENTIAL"
26 or "HIGHLY CONFIDENTIAL" and/or kept and maintained pursuant to the terms of this
27 Stipulated Protective Order becomes public and will be presumptively available to all members
28 of the public, including the press, unless sufficient cause is shown in advance of trial to proceed

1  otherwise.  If a party intends to use any Confidential Information or Highly Confidential
2  Information at any hearing or other pre-trial proceeding, excluding depositions, counsel for the
3  Producing Party must be given reasonable notice of the other party's intentions.  The Producing
4  Party shall have the opportunity to move for the hearing to be placed under seal and/or object to
5  such use, and the parties and the Court shall determine whether and how to tailor disclosure to
6  minimize the risk of harm to the Producing Party.  Use of any Confidential Information or
7  Highly Confidential Information in any court proceeding shall not waive the applicability of this
8  Order as to such material.  Parties using Confidential Information or Highly Confidential
9  Information in open court shall use reasonable best efforts to minimize disclosure to persons not
10 authorized to see such material pursuant to paragraph 24 and 25 below, respectively.

11          19.     In the event that an appellate motion or brief that contains Confidential
12 Information or Highly Confidential Information is filed in the Action by any Party to this Order
13 (other than Confidential Information or Highly Confidential Information already sealed by the
14 District Court, which Information shall be treated in accordance with Ninth Circuit Rule
15 27-13(a)), such Party agrees to consult with the Producing Party concerning the use of such
16 Confidential Information or Highly Confidential Information prior to making the appellate filing.
17 If the parties are unable to reach an accord as to the use of such Confidential Information or
18 Highly Confidential Information in the appellate filing, the Producing Party may seek an
19 appropriate order from the appellate court.  On any such motion, the Producing Party shall have
20 the burden of establishing that the appellate brief or motion should be filed under seal.

21          20.     Nothing in this Order shall prevent the Producing Party from using or disclosing
22 its own Confidential or Highly Confidential Information for any purpose as it deems appropriate,
23 without impairing the confidentiality obligations imposed upon all other parties and persons
24 subject to this Order.

25 **Disputes Regarding Designations**

26          21.     Disputes concerning the designation of material as  "CONFIDENTIAL" or
27 "HIGHLY CONFIDENTIAL" shall be governed by the provisions of Local Rule 37.  In the
28 event a motion is made in connection with such a dispute, the parties shall treat the information

8

at issue as originally designated until the motion is decided by the Court. In any such motion, the responding party shall have the burden of proving that such particular information is properly designated.

22. Nothing provided in this Order shall create any presumption that any information is entitled to Confidential or Highly Confidential treatment, or any treatment that does not result in the public availability of the information or otherwise lessen the burden on the Producing Party to establish entitlement to protection from public availability under the Federal Rules of Civil Procedure or other applicable law.

23. No party will be obligated to challenge the propriety of any designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by another party or person, and the failure to do so shall not constitute acquiescence by that party as to the appropriateness of the designation, a waiver, or otherwise preclude a subsequent challenge to the designation.

**Disclosure of Confidential Information and Highly Confidential Information**

24. Except with the prior written consent of the Producing Party requesting Confidential treatment, no document designated as Confidential and no information contained therein may be disclosed to any person or entity other than the following:

    a. Any Party and any officers, directors, partners or employees of any Party.

    b. Counsel for any Party and any attorneys, paralegals, office clerks, secretaries, outside copying services (including preparation of exhibits, photocopying, document coding, image scanning, jury consulting, or the creation of any computer database from documents containing Confidential or Highly Confidential Information) and other personnel working under their supervision and assigned to perform duties in connection with the prosecution or defense of the Action, provided that such persons are informed of the terms of this Order. Such counsel will include both in-house legal staff and outside counsel in the case of a corporate party.

    c. Any person who has authored, received or otherwise been provided access (in the ordinary course, outside the context of this litigation) to the Confidential Information.

    d. Any consultants or experts retained by any counsel of record for any Party who agree to be bound by the terms of this Order, provided that they:

    i)  execute the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A; and

    ii)  provide a copy of each "Agreement to Be Bound by Protective Order" executed pursuant to the paragraph to retaining counsel prior to the intended disclosure. If these two requirements are satisfied, the expert or consultant may fully disclose any Confidential Information to his or her support staff/assistants. It is not necessary for any member of that support staff/those assistants to sign the "Agreement to Be Bound by Protective Order," but they will nonetheless be deemed bound by the expert's or consultant's execution of the "Agreement to Be Bound by Protective Order."

  e.  Any other person whom a Party in good faith determines may be a potential witness at deposition or at trial, who agrees to be bound by the terms of this Order by executing the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A.

  f.  Confidential Information may be disclosed during the deposition of a witness not already allowed access to such information under this Order only if:

    i)  the Confidential Information was previously received or authored by the witness; or

    ii)  counsel for the Producing Party agrees that the material may be disclosed to the witness.

In the event of disclosure under this paragraph or through the testimony of a deponent regarding his or her knowledge of Confidential Information, only the reporter, deponent, his/her counsel, persons to whom disclosure may be made, and persons who are bound by the Order, may be present during the disclosure or discussion of the Confidential Information. Failure of those persons who are not authorized to receive Confidential Information to leave the room shall constitute substantial justification to suspend the deposition and/or for counsel to advise the witness that the witness need not answer the question that seeks revelation of the Confidential Information. The parties may thereafter seek a court order for the completion of such deposition. Disclosure pursuant to this paragraph shall not constitute a waiver of the confidential status of the Discovery Matter so disclosed.

      g.    Any other person whom counsel for the parties agree in writing should have access to such Confidential Information, who agrees to be bound by the terms of this Order by executing the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A.

      h.    Any third-party mediator jointly selected by the Parties (including the Producing Party) to assist in a possible resolution of their disputes.

      i.    Deposition and trial court reporters.

      j.    The Court, court personnel, and jurors.

      k.    Any other person whom the Court directs should have access to the Confidential Information.

      25.    Except with the prior written consent of the Producing Party requesting Highly Confidential treatment, no document designated as Highly Confidential and no information contained therein may be disclosed to any person other than the following:

      a.    Any Party's outside legal counsel who is a signatory hereto, as well as any other counsel of record for any Party in the Action.

      b.    Any person who has authored, received or otherwise been provided access (in the ordinary course, outside the context of this litigation) to the Highly Confidential Information.

      c.    Any consultants or experts retained by any counsel of record for any Party who agree to be bound by the terms of this Order, provided that they:

          i)    execute the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A;

          ii)    provide a copy of each "Agreement to Be Bound by Protective Order" executed pursuant to the paragraph to retaining counsel prior to the intended disclosure; and

          iii)    are not employed by, do not provide services for, are not affiliated with and do not own a direct interest in any manufacturer, wholesaler or retailer of bedding products.

If these three requirements are satisfied, the expert or consultant may fully disclose any Highly Confidential Information to his or her support staff/assistants. It is not necessary for any

1   member of that support staff/those assistants to sign the "Agreement to Be Bound by Protective
2   Order," but they will nonetheless be deemed bound by the expert's or consultant's execution of
3   the "Agreement to Be Bound by Protective Order."
4       d.    Highly Confidential Information may be disclosed to a deponent not already
5   allowed access to such information under this Order only if:
6           i)    the Highly Confidential Information was previously received or authored
7       by the witness; or
8           ii)    counsel for the Producing Party agrees that the Highly Confidential
9       Information may be disclosed to the witness.
10  In the event of disclosure under this paragraph or through the testimony of a deponent regarding
11  his or her knowledge of Highly Confidential Information, only the reporter, deponent, his/her
12  counsel, and persons to whom disclosure may be made, may be present during the disclosure or
13  discussion of the Highly Confidential Information.  Failure of those persons who are not
14  authorized to receive Highly Confidential Information to leave the room shall constitute
15  substantial justification to suspend the deposition and/or for counsel to advise the witness that
16  the witness need not answer the question that seeks revelation of the Highly Confidential
17  Information.  The parties may thereafter seek a court order for the completion of such deposition.
18  Disclosure pursuant to this paragraph shall not constitute a waiver of the confidential status of
19  the Discovery Matter so disclosed.
20      e.    Any other person whom counsel for the parties agree in writing should have
21  access to such Highly Confidential Information, who agrees to be bound by the terms of this
22  Order by executing the undertaking "Agreement to Be Bound by Protective Order" attached as
23  Exhibit A.
24      f.    Any third-party mediator jointly selected by the Parties (including the Producing
25  Party) to assist in a possible resolution of their disputes.
26      g.    Deposition and trial court reporters.
27      h.    The Court, court personnel, and jurors.
28      i.    Any other person whom the Court directs should have access to the Highly

Confidential Information.

26. Prior to the first disclosure of Confidential Information or Highly Confidential Information to any person or entity listed in paragraph 24 or 25 above (including those persons and entities not required to execute Exhibit A hereto), counsel for the disclosing Party shall deliver a copy of this Order to the person or entity to whom disclosure will be made and explain its terms to such person. Counsel for the Parties shall be responsible for maintaining a list of all persons to whom disclosure of Confidential Information or Highly Confidential Information is made subject to a requirement that Exhibit A be executed by the person, as well as copies of the undertakings signed by such persons. The names of persons who have signed the form attached as Exhibit A shall not be discoverable (with the exception of consultants and experts) except upon a showing of good cause and by order of the Court. Every person given access to Confidential Information or Highly Confidential Information shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such authorized copy is to be treated in accordance with the provisions of this Order.

27. If any party wishes to disclose any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to anyone in addition to those identified in paragraphs 24 and 25 above, at least fourteen (14) days prior to such disclosure notice shall be served, by hand delivery or overnight delivery service, on counsel of record for the Producing Party, said notice to include the name, position and address of the person to whom the Receiving Party desires to disclose the information in question, along with the "Agreement To Be Bound By Protective Order," attached as Exhibit A, duly executed by that person. If the party serving the notice receives no objection in writing within seven (7) days after such notice is served, the disclosure may occur. In the event that the Producing Party or any other Party objects to the intended disclosure after notice, counsel shall endeavor to negotiate all objections to disclosure. In the event negotiations fail to resolve all objections, counsel for the Party wishing to disclose the Confidential Information may petition the Court, within ten (10) business days after providing written notice to counsel for all Parties and counsel for any relevant Producing Party that a Court

1  order permitting disclosure of Confidential Information will be sought, for an order to allow such
2  disclosure. Upon notification of intent to file such a petition, disclosure shall be prohibited
3  unless and until such a requested order is granted by the Court. The party seeking leave to
4  disclose information under this paragraph shall bear the burden of proving the need for such
5  disclosure.

6      28.    The restrictions of this Protective Order shall not apply to any information which
7  the discovering party shall establish was already known to it (through no improper means) at the
8  time of disclosure in discovery, or has been or becomes a matter of public knowledge through no
9  act of the discovering party, or has been publicly available prior to disclosure through no act of
10 the discovering party.

11     29.    Nothing herein shall restrict or preclude any Producing Party from disclosing its
12 own Confidential Information or Highly Confidential Information to any person or entity without
13 regard to the provisions of this Protective Order.

14 **Limitation on Scope of Order**

15     30.    Nothing in this Order shall affect any privilege or right that any Producing Party
16 might otherwise have against the discovery of any materials sought by any Party.
17 Notwithstanding this Order, any Producing Party may move the Court for an order imposing
18 additional restrictions upon discovery of documents or other material, including, but not limited
19 to, an order that production thereof not be had.

20 **Inadvertent Production of Privileged Information**

21     31.    The inadvertent production of documents subject to the attorney-client privilege
22 or the attorney work-product doctrine, or any other ground on which production should not be
23 made, will not waive such privileges or protections; provided, however, that this Order shall not
24 prevent any Party from moving to compel production of allegedly privileged documents on any
25 grounds. Upon a request from a Producing Party that has inadvertently produced any document
26 that it believes may be subject to the attorney-client or attorney work-product privilege, or other
27 protections, any Party receiving said document shall immediately return such document,
28 including any summaries and copies thereof that may have been made or distributed, to the

1  Producing Party within three (3) business days of receipt of such notice and shall be barred from
2  using that material or any copies thereof, or any information derived therefrom in the Action or
3  otherwise.  Nothing herein, however, shall prevent the Party from moving, on reasonable notice,
4  and on such grounds other than the inadvertent production of such material, for an order
5  challenging the designation of such material as privileged or protected material, and may attach
6  to the motion copies of the material in question; provided however, that any such motion shall be
7  filed under seal.

**Binding Effect**

9        32.      The Parties agree to be bound by the terms of this Order pending the entry of this
10  Order, or an alternative thereto that is satisfactory to all Parties, by the Court, and any violation
11  of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered
12  by the Court.

**Amendment**

14        33.      This Order may be amended only by the written agreement of counsel for the
15  Parties and approval of the Court, or upon motion seeking relief from or modification of this
16  Order from the Court.  Nothing in this Protective Order shall limit a party's right to seek
17  modification of this order or any other relief in the nature of a protective order, by application to
18  the Court.

**Disposition on Final Resolution**

20        34.      Within sixty (60) days of the conclusion of the Action, including exhaustion of all
21  appeals, all documents in whatever form, stored or reproduced, or other data designated as
22  Confidential or Highly Confidential (including summaries and excerpts), other materials that
23  contain or refer to Confidential Information or Highly Confidential Information, and all copies
24  thereof, in the possession of or under the control of any Party or officer or employee thereof,
25  counsel retained by such Party, retained expert or other person described in paragraph 24 or 25
26  hereof, shall be either (a) promptly returned to counsel for the Producing Party that designated
27  the information as Confidential or Highly Confidential; or (b) destroyed with certification of
28  such destruction given to the Producing Party, unless otherwise specifically agreed in writing by

1 the Producing Party. However, subject to the terms of this Order, the parties and their counsel
2 may retain copies of briefs and other papers that contain or constitute such Confidential
3 Information or Highly Confidential Information, including correspondence, deposition
4 transcripts, trial exhibits of record and attorney's work product (excluding copies of any annexed
5 materials that have been designated as Confidential Information or Highly Confidential
6 Information). Any such briefs and other papers shall continue to be treated pursuant to the terms
7 of this Order. Upon the request of counsel for the Producing Party, counsel signing this Order
8 shall provide a letter affirming compliance with the requirements of this paragraph.

**Other Proceedings**

10      35.    Any person or party subject to this Order who receives a subpoena or other
11 request for the production or disclosure of another entity's Confidential Information or Highly
12 Confidential Information shall promptly give written or facsimile notice to the Producing Party,
13 identifying the information sought and enclosing a copy of the subpoena or other request. The
14 person or party subject to the subpoena or other request shall not produce or disclose the
15 Confidential Information or Highly Confidential Information without consent of the Producing
16 Party, or until ordered to do so by a court of competent jurisdiction, provided that the Producing
17 Party makes a timely motion or other application for relief from the subpoena or other request in
18 the appropriate form.

19      36.    In the event that Confidential Information or Highly Confidential Information is
20 produced pursuant to subpoena or compulsory process, such information shall continue to be
21 treated as Confidential Information or Highly Confidential Information by all persons subject to
22 this Order, unless and until the Court otherwise directs.

**Miscellaneous**

24      37.    Entering into, agreeing to and/or producing Confidential Information or Highly
25 Confidential Information pursuant to, or otherwise complying with, the terms of this Order shall
26 not:

27      a.    operate as an admission by any Party that any particular Confidential Information
28 or Highly Confidential Information contains or reflects trade secrets or any other type of

1   Confidential Information or Highly Confidential Information;

2      b.   prejudice in any way the rights of the Parties to object to the production of
3   documents they consider not subject to discovery, or operate as an admission by any Party that
4   the terms and procedures set forth herein constitute adequate protection for any particular
5   information deemed by any Party to be Confidential Information or Highly Confidential
6   Information;

7      c.   prejudice in any way the rights of any Party to object to the authenticity or
8   admissibility into evidence of any document, testimony, or other evidence subject to this Order;

9      d.   prejudice in any way the rights of a Party as to whether any Confidential
10  Information or Highly Confidential Information should be subject to the terms of this Order; or

11     e.   prejudice in any way the rights of a Party to petition the Court for a further
12  protective order relating to any purportedly Confidential Information or Highly Confidential
13  Information.

14     38.   Neither the act of production of Confidential Information or Highly Confidential
15  Information by a Party, nor the receipt of Confidential Information or Highly Confidential
16  Information by a Party, shall be deemed to waive any testimonial or other privileges or
17  protections that the Party producing such Confidential Information or Highly Confidential
18  Information may otherwise have.

19     39.   This Order shall be effective immediately and shall survive the conclusion of this
20  Action, unless otherwise ordered by the Court.  The Court shall retain jurisdiction to enforce the
21  terms of this Order.

22     40.   Any party covered by this Order may at any time apply to the Court for relief
23  from or modification of any provision of this Order.

24  ///
25  ///
26  ///
27  ///
28  ///

1 ///
2 ///

41.     The Court may impose appropriate sanctions for the disclosure of Confidential Information or Highly Confidential Information in violation of this Protective Order.

Dated:  January 11, 2008                         _____/s/_____
                                                                 Hon. Andrew J. Wistrich
                                                                 United States Magistrate Judge

Proposed by:


LATHAM & WATKINS LLP

By /s/ Jason B. Lattimore                         Dated:  November 19, 2007
 Jason B. Lattimore
Attorneys for Plaintiff, Sleep Innovations Inc.

**EXHIBIT A**

**Agreement to Be Bound By Protective Order**

By my signature, I declare under penalty of perjury that I have read in its entirety and understand the STIPULATED ORDER GOVERNING CONFIDENTIAL INFORMATION ("Protective Order") that was issued on [date] by the United States District Court for the Central District of California in the case of Sleep Innovations, Inc. v. Sinomax USA, Inc., et al., Case No. CV06-5712 AHM (AJWx).  I agree to comply with and to be bound by all the terms of this stipulated Order Governing Confidential Information and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance with this Confidentiality Agreement and Protective Order.

DATED:

_____